# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC**, | |
| Plaintiff, | Case No.: 6:22-cv-00515-ADA |
| v. | Jury Trial Demanded |
| **FORD MOTOR COMPANY**, | |
| Defendant. | |

## FORD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Ford Motor Company ("Ford") files its answer to Plaintiff Display Technologies, LLC's ("Display Tech.") Complaint (Dkt. No. 1, "Complaint") as follows:

## PARTIES AND JURISDICTION

1.      Ford admits that this action purports to be for patent infringement under Title 35 of the United States Code, and that Display Tech. purports to seek injunctive relief as well as damages.

2.      Ford admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Ford denies the remaining allegations in Paragraph 2 of the Complaint, if any.

3.      Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis, denies them.

4.      Ford admits that it is a Delaware corporation but denies that its principal place of business is at 126000 S Torrence Ave, Chicago, IL 60633.  Ford admits that its registered agent for service of process in the State of Delaware is The Corporation Trust Company, having an

- 1 -

address Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Ford denies the remaining allegations in Paragraph 4 of the Complaint.

5.     To the extent the allegations in Paragraph 5 of the Complaint state a legal conclusion, no response is required.   To the extent a response is required, Ford denies the allegations that it has committed, or is continuing to commit, any acts of infringement.  Ford denies the remaining allegations in Paragraph 5 of the Complaint, except that solely for the purpose of this litigation only and without waiving any rights of Ford in other actions before this Court or elsewhere, Ford does not contest personal jurisdiction in this action.

6.     Ford denies the allegations in Paragraph 6 of the Complaint.

## VENUE

7.     The allegations in Paragraph 7 of the Complaint contain legal conclusions for which no answer is required.  Ford denies that the Western District of Texas is the most suitable or convenient venue for resolution of this case.  Ford intends to file a motion to dismiss for improper venue under 28 U.S.C. § 1400(b) and/or a motion to transfer under 28 U.S.C. § 1404 to the Eastern District of Michigan.  Ford denies the remaining allegations in Paragraph 7 to the extent there are any, and specifically denies committing, or being liable for, any act of infringement.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 9,300,723)

8.     Ford incorporates its responses in Paragraphs 1-7 as though fully set forth herein.

9.     Ford admits that this action purports to arise under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.    Ford lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, denies them.

11.     Ford admits that Exhibit A appears to be a copy of the '723 patent, and that its title is "Enabling social interactive wireless communications."

12.     The allegations in Paragraph 12 of the Complaint contain legal conclusions for which no answer is required.  To the extent an answer is required, the allegations in Paragraph 12 are denied.

13.     Ford denies the allegations in Paragraph 13 of the Complaint.

14.     Ford denies the allegations in Paragraph 14 of the Complaint.

15.     Ford denies the allegations in Paragraph 15 of the Complaint.

16.     Ford denies the allegations in Paragraph 16 of the Complaint.

17.     Ford denies the allegations in Paragraph 17 of the Complaint.

18.     Ford denies the allegations in Paragraph 18 of the Complaint.

19.     Ford denies the allegations in Paragraph 19 of the Complaint.

20.     Ford denies the allegations in Paragraph 20 of the Complaint.

21.     Ford denies the allegations in Paragraph 21 of the Complaint.

22.     Ford denies the allegations in Paragraph 22 of the Complaint.

23.     Ford denies the allegations in Paragraph 23 of the Complaint.

24.     Ford denies the allegations in Paragraph 24 of the Complaint.

25.     Ford denies the allegations in Paragraph 25 of the Complaint.

26.     Ford denies the allegations in Paragraph 26 of the Complaint.

27.     Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis, denies them.

## DEMAND FOR JURY TRIAL

28.     Ford lacks knowledge or information sufficient regarding Rothschild Broadcast Distribution Systems to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis, denies them.  To the extent this Paragraph intended to state that Display Tech. requests a trial by jury of any issues so triable by right, Display Tech.'s jury demand does not require a response from Ford.

## RESPONSE TO DISPLAY TECH.'S PRAYER FOR RELIEF

Ford denies that Display Tech. is entitled to any of the relief requested in the section of the Complaint entitled "Prayer for Relief," or to any relief in any form from either this Court or from Ford.  Ford respectfully requests that this Court enter judgment in its favor and against Display Tech. on all of Display Tech.'s claims, deny each of Display Tech.'s prayers for relief, and find this case exceptional and award Ford its costs and attorneys' fees pursuant to 35 U.S.C. § 285, and award any other further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

Ford asserts the following additional defenses without assuming the burden of proof on any issue that Display Tech. would not have otherwise, including without admitting or acknowledging that it bears the burden of proof as to any of them.  Discovery has not yet begun and, therefore, Ford has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein.  Accordingly, Ford reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

29.     The Complaint fails to state a claim upon which relief may be granted in each and every one of its allegations.

## SECOND AFFIRMATIVE DEFENSE
(Invalidity of the '723 Patent)

30.     One or more claims of the '723 Patent are invalid under 35 U.S.C. § 101 for failing to recite patent-eligible subject matter.

31.     One of more claims of the '723 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

32.     One of more claims of the '723 Patent are invalid for failing to meet the requirements of 35 U.S.C. § 112, at least as being indefinite, lacking written description support and failing to enable a person skilled in the art to make and use the full scope of the invention described in the claims.

## THIRD AFFIRMATIVE DEFENSE
(Non-Infringement of the '723 Patent)

33.     Ford does not infringe and has not infringed, willfully or otherwise, any valid claim of the '723 Patent under any theory of infringement, including direct infringement, induced infringement, contributory infringement, joint infringement, literal infringement, or infringement under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
(Limitation on Damages)

34.     Display Tech.'s claims for damages, if any, are statutorily limited by 35 U.S.C. §§ 285, 286, 287 and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

35.     For example, Display Tech., its predecessors in interest, and/or its licensees failed to comply with or provide notice under the marking requirements of 35 U.S.C. § 287(a) and Display Tech. may not obtain damages for the period of time prior to the operative Complaint.

### FIFTH AFFIRMATIVE DEFENSE
(License and/or Patent Exhaustion)

36.     To the extent that Ford's accused products and services incorporate a licensed product or service, Display Tech.'s claims are barred, in whole or in part, under the doctrine of exhaustion.

### SIXTH AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

37.     Display Tech.'s clams for relief are barred, in whole or in part, by prosecution history estoppel based on statements, representations, and admissions made during the prosecution before the U.S. Patent and Trademark Office of the patent applications that led to the '723 Patent or patents related to the '723 Patent.

### SEVENTH AFFIRMATIVE DEFENSE
(Waiver, Estoppel, and Unclean Hands)

38.     Display Tech.'s claims against Ford are barred, in whole or in part, by one or more of the equitable doctrines of waiver, estoppel, and unclean hands because of Display Tech.'s unreasonable and inexcusable delay in filing this litigation and/or its intervening actions both during prosecution of the '723 Patent and between issuance of the '723 Patent and the date of the filing of the operative Complaint.

39.     Despite that Ford has sold and publicly marketed the accused functionality for several years, Display Tech. made no assertion of any claim against Ford until, at the earliest, Ford received the operative Complaint.

40.     Ford has been materially prejudiced by Display Tech.'s delay in bringing its claim at least because the passage of so much time has potentially led to the loss of evidence that Ford could use in defending itself against Display Tech.'s claims.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

41.     Display Tech. is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements necessary to obtain injunctive relief in any form.  At a minimum, any injury to Display Tech. is neither immediate nor irreparable, and Display Tech. has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Unenforceability)

42.     The '723 Patent is unenforceable due to improper revival of an abandoned application that led to the issuance of the '723 Patent.

## FURTHER DEFENSES

43.     Ford's investigation of its defenses is ongoing, and Ford expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may not exist or in the future be available based on discovery and further investigation in this case.

44.     Ford incorporates herein the defenses propounded by any other defendant in any prior or co-pending action involving the '723 Patent.

Dated:  August 1, 2022                    Respectfully submitted,

                                          By: */s/ Jennifer Parker Ainsworth*
                                          Jennifer Parker Ainsworth
                                          TX State Bar No. 00784720
                                          jainsworth@wilsonlawfirm.com
                                          Wilson, Robertson & Cornelius, P.C.
                                          909 ESE Loop 323, Suite 400
                                          Tyler, Texas 75701
                                          Telephone: (903) 509-5000
                                          Facsimile: (903) 509-5092

                                          Justin E. Pierce
                                          JEPierce@venable.com
                                          Charles J. Monterio, Jr.
                                          CJMonterio@venable.com
                                          Venable LLP
                                          600 Massachusetts Avenue, NW
                                          Washington, D.C. 20001
                                          Telephone: (202) 344-4569
                                          Facsimile: (202) 344-8300

                                          J. Daniel Kang
                                          JDKang@venable.com
                                          Venable LLP
                                          1270 Avenue of the Americas, 24th FL
                                          New York, NY 10020
                                          Telephone: (212) 307-5500
                                          Facsimile: (212) 307-5598

                                          *Attorneys for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 1, 2022, with a copy of this document via the Court's CM/ECF.

                                          */s/ Jennifer P. Ainsworth*
                                          Jennifer P. Ainsworth